**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

RAFAEL ARROYO,

Plaintiff,

v.

AVR SAN JOSE DOWNTOWN HOTEL LLC,

Defendant.

Case No. 21-cv-00342-BLF

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

[Re: ECF No. 18]

Before the Court is Defendant AVR San Jose Downtown Hotel LLC's Motion to Dismiss the First Amended Complaint. ECF No. 18 ("Motion"). Plaintiff's First Amended Complaint alleges that Defendant's hotel website does not comply with the Americans with Disabilities Act or the California Unruh Civil Rights Act because the online reservation system does not provide sufficient information for Plaintiff to evaluate if any hotel room would be accessible to him given his physical disabilities. Defendant moves to dismiss Plaintiff's First Amended Complaint in its entirety with prejudice, arguing that its website complies with both acts. Plaintiff opposes. ECF No. 19 ("Opp'n"). The Court found this Motion appropriate for resolution without oral argument and vacated the September 2, 2021 hearing. ECF No. 20. For the following reasons, the Court GRANTS Defendant's Motion to Dismiss WITH PREJUDICE.

## I. BACKGROUND

### A. Factual Allegations in the First Amended Complaint

Plaintiff is a paraplegic, so he uses a wheelchair and is limited in his ability to stand, walk, reach objects, transfer from his chair to other equipment, and maneuver around fixed objects. ECF No. 16 ("FAC"), ¶¶ 1, 14. When he stays in a hotel, Plaintiff requires certain accessibility features in his room so that he can "travel independently and safely." *Id.* ¶ 15.

United States District Court
Northern District of California

Plaintiff planned to stay at the AC Hotel by Marriott San Jose Downtown ("the Hotel") during a trip to the area in April 2021. *Id.* ¶¶ 12, 13. On December 19, 2020, Plaintiff accessed the Hotel's reservation website ("the Website"), which is owned and operated by Defendant, to book a room. *Id.* ¶¶ 16, 17. Plaintiff found the Website provided insufficient detail of the Hotel's accessibility features to enable him to assess whether a given room met his needs. *Id.* ¶ 21. Plaintiff alleges that the Website failed to permit him to determine whether a given room contained any of three "bare necessities" (*id.* ¶ 25):

- First, Plaintiff needs toilet grab bars in the bathroom so he can transfer from his wheelchair to the toilet. *Id.* ¶ 22. The Website discloses "bathroom grab bars," which Plaintiff alleges is vague because it could refer to toilet grab bars, shower grab bars, or tub grab bars. *Id.*
- Second, Plaintiff needs a bathroom sink with knee clearance or insulation around the plumbing so he can pull his wheelchair under the sink without burning his knees on pipes. *Id.* ¶ 23. The Website discloses "vanities accessible," which Plaintiff alleges does not allow him to determine if sinks have the accessibility features he needs. *Id.*
- Third, Plaintiff needs a bed with space for his wheelchair so he can transfer from the chair to the bed. *Id.* ¶ 24. Plaintiff alleges that the Website provides no information about clear space next to the bed. *Id.*

Plaintiff alleges the Website's lack of detail deterred him from booking a room, although he says he will return to the Website to patronize the Hotel. *Id.* ¶¶ 29, 30. Plaintiff says that he will continue to travel to the San Jose area and plans to stay at the Hotel once Defendant changes the Website so that Plaintiff can determine if the Hotel's accessibility features meet his needs. *Id.* ¶¶ 31-32.

**B. Defendant's Request for Judicial Notice**

Defendant asks the Court to take judicial notice of parts of the Website that it says undermine the claims in the First Amended Complaint. On the "Hotel Details" page on the Website, there is an "Accessibility" section listing several accessibility features of the Hotel:

**Accessibility** Close

For more information about the physical features of our accessible rooms, common areas, or special services relating to a specific disability, please call +1 408-924-0900.

**Accessible Areas with Accessible Routes from Public Entrance**

Business Center
Concierge desk
Fitness Center
Meeting spaces and ballrooms
Pool accessible
Public entrance alternative
Public restrooms
Registration Desk Pathway
Registration desk
Restaurant(s)/Lounge(s)

**Accessible Hotel Features**

Accessible Self-parking
Braille and tactile signage provided for permanent rooms and spaces
Meeting room(s) with assistive listening devices
Self-parking facility, van-accessible spaces
Self-parking, accessible spaces
Service animals are welcome
Elevators

**Guest Room Accessibility**

Accessible guest rooms with 32" wide doorways
Accessible route from public entrance to accessible guest rooms
Alarm clock telephone ringers
Bathroom grab bars
Bathtub grab bars
Bathtub seat
Deadbolt locks, lowered
Door night guards, lowered
Doors with lever handles
Electrical outlets, lowered
Flashing door knockers
Hearing accessible rooms and/or kits
No transfer shower s available
Roll-in shower
Shower wand, adjustable
TTY/TTD available
TV with close-captioning
Toilet seat at wheelchair height
Vanities, accessible
Viewports, lowered

*See* ECF No. 18-2 ("RJN") at 7. The Accessibility section also states that any potential patron who wants "more information about the physical features of [the Hotel's] accessible rooms, common areas, or special services relating to a specific disability" can call the Hotel. *Id.* Pages for particular room types also feature information about accessibility and furnishings, including images:




*See* RJN at 12 (emphasis added). Defendant also requests judicial notice for various materials associated with Plaintiff's prior cases and prior Reservations Rule cases in this and other districts.

**C. Procedural History**

Plaintiff filed his original complaint on January 13, 2021. ECF No. 1. In lieu of responding to Defendant's motion to dismiss, Plaintiff filed the First Amended Complaint that is the subject of this Motion. *See* FAC. Plaintiff alleges two causes of action—one for violation of the Americans with Disabilities Act, *id.* ¶¶ 33-36, and the second for violation of California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. *Id.* ¶¶ 37-40.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a Rule 12(b)(6) motion, the district court must consider the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## III. DISCUSSION

The Court first addresses Defendant's request for judicial notice before turning to the Motion itself.

### A. Request for Judicial Notice

Defendant requests that the Court take judicial notice of eleven different exhibits. *See* RJN. Exhibits 1-2 contain screenshots of relevant pages of the Hotel's website. *See* RJN at 5-13. Plaintiff does not object. Opp'n at 9. Accordingly, Defendant's request for judicial notice of Exhibits 1 and 2 is GRANTED.

Exhibits 3-11 are filings and materials related to prior cases, including two Reservations Rule cases brought by Plaintiff. The Court does not consider Exhibits 3-7, 9, or 11, and so DENIES AS MOOT the request for judicial notice of those exhibits. The Court does consider Exhibits 8 and 10—complaints from two of Plaintiff's prior Reservations Rule cases—in connection with Defendant's collateral estoppel argument. Documents in the public record and documents filed in other courts are proper subjects of judicial notice. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, Defendant's request for

judicial notice of Exhibits 8 and 10 is GRANTED.

**B. Motion to Dismiss**

**i. Count 1 – ADA Claim**

Plaintiff's ADA claim alleges a violation of 28 C.F.R. § 36.302(e), more commonly known as the "Reservations Rule." The Reservations Rule requires hotels to "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii).

Responding to concerns from industry about the vagueness of the Reservations Rule standard, in 2010 the Department of Justice provided guidance on the scope of the information required by the Reservations Rule. *See* 28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" ("Guidance"). The Guidance recognized that a hotel's reservations portal is "not intended to be an accessibility survey." *Id.* While "specific information concerning accessibility features is essential to travelers with disabilities," the Department of Justice stated that it "cannot not specify what information must be included in every instance" due to variation in the needs of disabled travelers. *Id.* Accordingly, the Guidance stated that "it may be sufficient" for a hotel built in compliance with the ADA Standards for Accessible Design to note in its reservation system that the hotel is accessible and, for each accessible room, "to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices)." *Id.* For older hotels, the Guidance stated that "information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms." *Id.* The Guidance also stated that "many individuals with disabilities may wish to contact the hotel or reservations service for more detailed information. At that point, trained staff … should be available to provide additional information such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (e.g., bathtub bench)." *Id.*

Defendant's website here provides far more information than what Department of Justice Guidance says "may be required" by the Reservations Rule. Defendant's website notes that the AC Hotel is accessible. RJN at 7. Defendant's website indicates the type of room, the size and number of beds, the type of accessible bathing facility, and any accessible communication features in the room. *See id.* at 9-13. Further, in the "Accessibility" section, Defendant's website provides information about accessible routes from the public entrance and "[p]ublic entrance alternative," including to the concierge desk and the registration desk and other essential services like the public restrooms. *See id.* at 7. Additionally, the Accessibility section offers long lists of accessibility details in rooms and common areas, including "[a]ccessible guest rooms with 32" wide doorways," "[b]athroom grab bars," "[b]athtub grab bars," "[t]oilet seat at wheelchair height," "[r]oll-in shower," and "[v]anities, accessible." *Id.* Finally, Defendant's website states that anyone needing additional information about the "physical features of [the Hotel's] accessible rooms, common areas, or special services relating to a specific disability" should call the Hotel. *Id.* These disclosures provide more information than the Guidance suggests is required.

Indeed, multiple California district courts have concluded that these very same disclosures (or materially similar ones) on other Marriott-affiliated hotel websites comply with the Reservations Rule. *See, e.g.*, *Love v. Ashford*, 20-CV-08458, 2021 WL 1428372, at **3-6 (N.D. Cal. Apr. 15, 2021) (Clancy hotel); *Arroyo v. AJU Hotel Silicon Valley LLC*, No. 20-CV-8218-JSW, 2021 WL 2350813, at *8 (N.D. Cal. Mar. 16, 2021) (Westin San Jose Hotel) ("*AJU Hotel*"); *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-cv-1409-HRL, 2017 WL 635474, at *10 (N.D. Cal. Feb. 16, 2017) (San Jose Marriott hotel); *Arroyo v. JWMFE Anaheim, LLC*, No. CV 21-14-CJC (KESx), 2021 WL 936018, at **2-3 (C.D. Cal. Feb. 16, 2021) (Fairfield hotel) ("*JWMFE*"). Further, additional cases from across the Ninth Circuit have concluded that similar disclosures from other hotel operators suffice under the Reservations Rule. *See, e.g.*, *Strojnik v. Orangewood LLC*, No. CV 19-946 DSF (JCx), 2020 U.S. Dist. LEXIS 11743, at **20-22 (C.D. Cal. Jan. 22, 2020); *Rutherford v. Evans Hotels, LLC*, No. 18-cv-435 JLS (MSB), 2020 WL 5257868, at **16-17 (S.D. Cal. Sept. 3, 2020); *Garcia v. Gateway Hotel L.P.*, No. CV 20-10752-PA (GJSx), 2021 WL 936176, at **4-5 (C.D. Cal. Feb. 25, 2021).

The Court is not convinced by Defendant's argument that Plaintiff's claims are barred by collateral estoppel based on the dismissal of *JWMFE* and *AJU Hotel*—Plaintiff's prior cases regarding Marriott-affiliated hotel websites. Collateral estoppel requires (1) an issue at stake is identical to an issue in a prior proceeding; (2) the issue was actually litigated and decided in the prior proceeding; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits. *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). *JWMFE* and *AJU Hotel* involved different websites and different pleadings. Defendant has made little effort to show that despite these differences the issues at stake here are identical to those in *JWMFE* or *AJU Hotel*. Mot. at 8 (asserting without support the *JWMFE* and *AJU Hotel* claims were "substantially similar" and the websites at issue were "similar" to those in the present case); *Howard v. City of Coos Bay*, 871 F.3d 1032, 1049 (9th Cir. 2017) (finding collateral estoppel only where issues were "largely identical"). Accordingly, the Court finds that Defendant failed to show that the first prong of collateral estoppel is satisfied here. Nonetheless, the Court finds the outcome of Plaintiff's prior cases regarding Marriott-affiliated hotel websites persuasive—with or without collateral estoppel. For example, the complaint at issue in *AJU Hotel* alleged the same deficiencies as Plaintiff asserts in the present case. *Compare* FAC, ¶¶ 22-24 *with* RJN, Ex. 10, ¶ 28. And the Court agrees with Defendant that the website at issue in that case appears similar (if not identical or largely identical). *Compare* RJN, Exs. 1-2 *with* RJN, Ex. 10, ¶¶ 21, 25, 32. That the *AJU Hotel* complaint was dismissed strongly supports the inadequacy of Plaintiff's pleadings in this case.

Plaintiff responds with several unpersuasive points. First, he argues that the Guidance is "some musings" by the Department of Justice, and that the Reservations Rule should be construed "broadly and liberally" to effectuate the purpose of the ADA. *See* Opp'n at 3, 8. The Court joins several others in rejecting the argument that the Guidance should not be given any weight. Guidance from the Department of Justice is given *Seminole Rock* deference, requiring a court to give it "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *See, e.g.*, *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) (citations omitted); *Rios v. Leadwell Global Prop. LLC*, No. 21-cv-267-PJH, 2021 WL 2207408, at *5 (N.D. Cal.

June 1, 2021) (Guidance entitled to "substantial deference") (citations omitted).

Second, Plaintiff contends that the other "unpublished district court" decisions rejecting similar challenges to accessibility disclosures "fail to directly address the issue on the merits" and are "simply wrong." Opp'n at 12-19. The Court disagrees. As outlined above, several courts have rejected Reservations Rule-based challenges to these very same disclosures and materially similar ones. And since the parties have completed briefing on this Motion, the weight of authority has only grown more lopsided in favor of dismissing claims rooted in these disclosures. *See, e.g.*, *Garcia v. Apple Seven Servs. SPE San Diego, Inc.*, No. 21-cv-841-ODW, 2021 WL 3568063 (C.D. Cal. Aug. 11, 2021); *Love v. Royal Pac. Motel*, No. 20-cv-7308-JCS, 2021 WL 2711731 (N.D. Cal. Jul. 1, 2021); *Love v. CCMH Fisherman's Wharf LLC*, No. 20-cv-7131-JCS, 2021 WL 1734924 (N.D. Cal. May 3, 2021).

Third, Plaintiff cites a single case denying a motion to dismiss Reservations Rule claims, but the Court finds it is distinguishable. In *Garcia v. Patel & Joshi Hosp. Corp.*, No. 20-cv-2666-JGB-PVC, 2021 WL 1936809 (C.D. Cal. Mar. 19, 2021), plaintiff challenged accessibility descriptions that stated only the features that the Guidance indicates "may be sufficient" to meet the Reservations Rule. The Court found that the plaintiff's desire for information about "the accessibility of toilets or of clear floor space" was "sufficiently narrow and consistent with the kinds of information the DOJ Guidance identifies as potentially sufficient." *Id.* at **13-14. However, the Court states that the plaintiff alleges "the photos listed for the rooms do not show any accessible information," and the bathroom accessibility information is limited to the following: "Accessible features include an accessible…toilet … [and] grab bars in the bathroom[.]" *Id.* at *1. In contrast, the photos on Defendant's website in the present case provide information about clear floor space, and the website discloses more information about bathroom accessibility features than the website in *Garcia*. *See, e.g.*, RJN, at 10-12. Regardless of whether *Garcia* is distinguishable from the present case, it is a single case among a near-consensus of cases dismissing claims similar to those raised by Plaintiff here. To the extent that *Garcia* holds that disclosures like those on Defendant's hotel website are insufficient, the Court respectfully parts ways with that decision and joins the other district courts that have found these very same

United States District Court
Northern District of California

disclosures sufficient.

Accordingly, Plaintiff's ADA claim is DISMISSED.

**ii. Count 2 – Unruh Act Claim**

Plaintiff's claim under the Unruh Act is based on the alleged violation of the ADA. *See* FAC ¶¶ 38-39. Because the Court has dismissed the ADA claim, the Unruh Act claim will also be DISMISSED. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 n.2 (9th Cir. 2021) ("The Unruh Act is coextensive with the ADA. Thus, our analysis of [plaintiff's] ADA claim applies equally to his Unruh Act claim.") (citations omitted); *Ashford*, 2021 WL 1428372, at *6 (dismissing Unruh Act claim after dismissing ADA claim).

**C. Leave to Amend**

Dismissal without leave to amend is proper where amendment would be futile. *Thinket Ink Info. Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). The Court notes that several courts have dismissed ADA Reservation Rule claims with prejudice after adjudicating only one motion to dismiss. *See, e.g.*, *CCMH Fisherman's Wharf*, 2021 WL 1734924, at *9; *Apple Seven Servs.*, 2021 WL 3568063, at *3. Since the Court has found that Plaintiff has failed to allege any noncomplying features of the Website and offers no indication that he has additional facts to cure this deficiency, and considering that Plaintiff has already amended his complaint once in response to Defendant's motion to dismiss Plaintiff's initial complaint, ECF Nos. 13, 16, the Court finds granting Plaintiff leave to amend here would be futile.

## IV. ORDER

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss and DISMISSES the complaint WITH PREJUDICE. A separate judgment will issue, and the Clerk shall close the file.

Dated: September 22, 2021

BETH LABSON FREEMAN
United States District Judge